UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY J. CSANYI,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>Defendant. | No.  2:18-cv-2496-JAM-EFB<br><br><br>FINDINGS AND RECOMMENDATIONS |

Pursuant to 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an award of attorney fees in the amount of $15,000, which is less than 17 percent of past benefits due to plaintiff. ECF No. 20. Plaintiff entered into a retainer agreement with his attorney which provides that he would pay counsel 25 percent of any past-due benefits won as a result of the appeal in this case. ECF No. 20-3. Counsel spent 20.2 professional hours on plaintiff's case. ECF No. 20-3.

42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

/////

1

1    Rather than being paid by the government, fees under the Social Security Act are awarded
2    out of the claimant's disability benefits. *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991),
3    *receded from on other grounds*, *Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 1991).
4    However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also
5    must ensure that the requested fee is reasonable. *Bisbrecht v. Barnhart*, 535 U.S. 789, 808-09
6    (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory
7    ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those
8    agreements."). "Within the 25 percent boundary . . . the attorney for the successful claimant must
9    show that the fee sought is reasonable for the services rendered." *Id*. at 807.  A "court may
10   properly reduce the fee for substandard performance, delay, or benefits that are not in proportion
11   to the time spent on the case." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en
12   banc).

13   After this court remanded for further proceedings, plaintiff was found disabled and
14   awarded past-due benefits. ECF No. 20-2.  The Social Security Administration withheld
15   $22,355.00, which was 25 percent of plaintiff's past due benefits, to pay his attorney. *Id*.
16   Plaintiff's counsel's request for $15,000.00, which less than the statutory maximum, would
17   constitute an hourly rate of $742.57.  Counsel did not delay these proceedings, and his
18   representation of plaintiff was not substandard.  Indeed, he successfully represented his client's
19   interests before this court.  Although the hourly rate exceeds the rate awarded in the majority of
20   social security cases, based on the risk of loss taken in representing plaintiff, counsel's experience
21   in the field of Social Security law, and the results achieved in this case, the court finds that fee
22   request is reasonable.  *See De Vivo v. Berryhill*, No. 1:15-cv-1332-EPG, 2018 WL 4262007 (E.D.
23   Cal. Sept. 6, 2018) (awarding fees at effective hourly range of  $1,116.26); *Jamieson v. Astrue*,
24   No. 1:09cv0490 LJO DLB, 2011 WL 587096 (E.D. Cal. Feb. 9, 2011) (finding fee at effective
25   hourly rate of $1,169.49 reasonable); *Naddour v. Colvin*, No.: 13-CV-1407-BAS, 2016 WL
26   4248557 (S.D. Cal. Aug. 11, 2016) (awarding fee at effective hourly rate of $1,063); *Kazanjian v.
27   Astrue*, No. 09 civ. 3678 (BMC), 2011 WL 2847439, at *1-2 (E.D.N.Y. July 15, 2011) (finding
28   /////

that counsel "performed well, diligently, and with unusual efficiency," and awarding fee at hourly rate of $2,100).

Counsel concedes that the $15,000.00 award should be offset by the fees previously awarded under the Equal Access to Justice Act ("EAJA"). ECF No. 20 at 1; *see* ECF No. 19. Counsel represents to the court that upon receipt of a fee award in the amount of $15,000.00, he will refund plaintiff the sum of $3,632.67 previously awarded under the EAJA. *Id*. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (holding that where attorney's fees are awarded under both EAJA and § 406(b), the attorney must refund the smaller of the two awards to the plaintiff).

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's counsel's motion for attorney's fees (ECF No. 20) be granted;

2. Plaintiff's counsel be awarded $15,000.00 in fees pursuant to 42 U.S.C. § 406(b); and

3. Upon receipt of the $15,000.00 award, counsel refund to plaintiff the sum of $3,632.67 previously awarded under the EAJA.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 5, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE